REED SMITH LLP
Anne Cherry Barnett (SBN 227209)
Email:  abarnett@reedsmith.com
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone:     (415) 543-8700
Facsimile:     (415) 391-8269

Carla M. Wirtschafter (SBN 292142)
cwirtschafter@reedsmith.com
Katherine J. Ellena (SBN 324160)
kellena@reedsmith.com
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone:     (310) 734-5200
Facsimile:     (310) 734-5299

Attorneys for Plaintiffs
GOLD COAST SEARCH PARTNERS LLC;
ANNA BRADY AND JANELLE MATTHEWS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| GOLD COAST SEARCH PARTNERS LLC, a California Limited Liability Company; ANNA BRADY, an individual, and JANELLE MATTHEWS, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CAREER PARTNERS INC., a New York corporation;  BRIAN O'CALLAGHAN, an individual, and DOES 1-50, inclusive<br><br>Defendants. | Case No.: 3:19-cv-03059-DMR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>*[Filed Concurrently With Declaration of Anna Brady; Declaration of Janelle Matthews; Request for Judicial Notice; Proposed Order]*<br><br>Date:          August 8, 2019<br>Time:          1:00 p.m.<br>Courtroom:     4<br><br>Complaint Filed: June 3, 2019<br><br>The Honorable Donna M. Ryu |

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

**TO DEFENDANTS AND ITS ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** on August 8, 2019 at 1:00 p.m. in 1301 Clay Street, Courtroom 4, Third Floor, Oakland, CA 94612 before the Honorable Judge Donna Ryu, Plaintiffs Gold Coast Search Partners LLP, Anna Brady, and Janelle Matthews (collectively, the "Plaintiffs") will, and hereby do, move the Court for issuance of a preliminary injunction against Defendants Career Partners, Inc. ("CPI") and CPI's Founder and Chief Executive Officer, Brian O'Callaghan (collectively, the "Defendants").

Plaintiffs seek a preliminary injunction order enjoining Defendants from (1) engaging in any conduct to interfere with Plaintiffs' business, including threats of legal action pursuant to the void and unenforceable Restrictive Covenant Provisions; (2) falsely stating or claiming that Plaintiffs are prohibited from conducting their business or that they are violating any agreement with CPI; (3) falsely stating or implying that Plaintiffs are bound by the Restrictive Covenant Provisions; and (4) enjoining Defendants from prosecuting their frivolous claims against Plaintiffs in New York.

This motion is brought pursuant to California Business and Professions Code Section 16600 ("Section 16600") and California Labor Code Section 925 ("Section 925"). Sections 16600 and 925 prohibit employers from enforcing Restrictive Covenant Provisions against employees and from requiring, as a condition of employment, that employees agree to choice of law provisions outside the State of California that would deprive a California employee of the substantive protections of California law. Defendants are violating both of these statutes.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR PRELIMINARY INJUNCTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

This motion is based on this notice of motion, as well as the accompanying memorandum of law and points of authorities, the Complaint and accompanying exhibits, the Declaration of Anna Brady, the Declaration of Janelle Matthews, the Request for Judicial Notice, the Proposed Order and such further evidence as may be provided to or at the time of hearing.

DATED:  June 13, 2019                    REED SMITH LLP


By:   /s/Anne Cherry Barnett
Anne Cherry Barnett
Carla M. Wirtschafter
Katherine J. Ellena
Attorneys for Plaintiffs
GOLD COAST SEARCH PARTNERS;
ANNA BRADY AND JANELLE MATTHEWS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

### <u>TABLE OF CONTENTS</u>

Page

I.     INTRODUCTION ................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................3

III.   FACTUAL BACKGROUND .............................................................................3

    A.   Ms. Brady and Ms. Matthews Reside and Work in California. ...................3

    B.   Defendants' Employment Agreements with Ms. Brady and Ms. Matthews
       Contain Unlawful and Unenforceable Restrictive Covenant Provisions.......................3

    C.   Defendants Commence a Frivolous Action Against Ms. Brady and Ms.
       Matthews in New York, Alleging a Violation of the Unlawful Restrictive
       Covenant Provisions. ....................................................................................6

    D.   Defendants' Efforts to Enforce the Restrictive Covenant Provisions
       Substantially Interferes with Plaintiffs' Ability to Earn a Living. ...............7

IV.   LEGAL ANALYSIS...........................................................................................8

    A.   Plaintiffs Meet the Standard for Injunctive Relief. ....................................8

    B.   Plaintiffs are Likely to Prevail on the Merits Because The Restrictive
       Covenant Provisions are *Per Se* Unlawful Under California Law. ............8

       1.   Defendants Admit that the Non-Compete is Unlawful and
          Unenforceable Under Section 16600 in the Plain Language of the
          Employment Agreement. ....................................................................8

       2.   Under California Business & Professions Code Section 16600,
          Defendants' Restrictive Covenant Provisions are Void as a Matter of
          Law. .....................................................................................................9

       3.   Section 16600 Also Applies to Non-Solicitation Provisions........................10

       4.   California Courts Routinely Refuse to Apply Choice of Law
          Provisions Under Section 16600.......................................................12

       5.   Defendants Have Also Violated California Labor Code Section 925. ...........14

    C.   Unless Defendants Are Enjoined Immediately, Plaintiffs Will Be Irreparably
       Injured. .........................................................................................................15

       1.   In An Attempt To Circumvent Section 16600, Defendants
          Commenced a Frivolous Lawsuit In an Improper Jurisdiction Against
          Plaintiffs............................................................................................15

       2.   Defendants Have Wrongly Disparaged Plaintiffs by Slandering Ms.
          Brady and Ms. Matthews to Recruiting Candidates. .........................17

    D.   The Balance of Harm Favors Issuing an Immediate Injunction. ................17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1       E.     The Issuance of an Injunction is Necessary to Protect the Public Interest. .................18

2  V.     CONCLUSION................................................................................................................19

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Bionics Corp. v. Medtronic, Inc.*,
    29 Cal. 4th 697 (2002) ...................................................................................................19

*American Credit Indemnity Co. v. Sacks*,
    262 Cal. Rptr. 92 (Cal. Ct. App. 1989)...........................................................................10

*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*,
    239 Cal. Rptr. 3d 577 (Cal. Ct. App. 2018).....................................................................10

*Application Group, Inc. v. Hunter Group, Inc.*,
    72 Cal. Rptr. 2d 73 (Cal. Ct. App. 1998)..................................................9, 12, 13, 18

*Arthur J. Gallagher & Co. v. Lang*,
    2014 WL 2195062 (N.D. Cal. May 23, 2014) ................................................................13

*Barbagallo v. Marcum LLP*,
    820 F. Supp. 2d 429 (E.D. N.Y. 2011) ...........................................................................13

*Barker v. Insight Global, LLC*,
    2019 WL 176260 (N.D. Cal. Jan 11, 2019) ....................................................................10

*Bayer Corp. v. Roche Molecular Sys., Inc.*,
    72 F. Supp. 2d 1111 (N.D. Cal. 1999) ..............................................................................9

*D'Sa v. Playhut, Inc.*,
    102 Cal. Rptr. 2d 495 (Cal. Ct. App. 2000) ...................................................................18

*Davis v. Advanced Care Techs. Inc.*,
    2007 WL 2288298 (E.D. Cal. Aug. 8, 2007)..................................................................13

*Dowell v. Biosense Webster, Inc.*
    102 Cal. Rptr. 3d 1 (Cal. Ct. App. 2009).................................................................10, 11

*Edwards v. Arthur Andersen, LLP*,
    81 Cal. Rptr. 3d 282 (Cal. 2008)..................................................................................9, 10

*Frame v. Merrill Lynch, Pierce, Fenner & Smith*,
    20 Cal. App. 3d 668 (1971) .............................................................................................13

*Geoffrey Friedman, et al. v. Global Payments Inc., et al.*,
    2019 WL 1718690 (C.D. Cal. Feb. 5, 2019)...................................................................14

*Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*,
    736 F.3d 1239 (9th Cir. 2013) .........................................................................................17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Karl v. Zimmer Biomet Holdings, Inc.*,
  2018 WL 5809428 (N.D. Cal. Nov. 6, 2018) ................................................................14

*Latona v. Aetna U.S. Healthcare, Inc.*,
  82 F. Supp. 2d (C.D. Cal. 1999) ...................................................................................18

*Mercer Health & Benefits LLC v. DiGregorio*,
  307 F. Supp. 3d 326 (S.D. N.Y. 2018)..........................................................................13

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*,
  602 F. App'x 669 (9th Cir. 2015) ....................................................................................8

*Philo v. Giftango, LLC*,
  2013 WL 12097545 (S.D. Cal. Feb. 7, 2013) ................................................................13

*The Retirement Group v. Galante*,
  98 Cal. Rptr. 3d 585 (Cal. Ct. App. 2009) ...............................................................10, 11

*Robinson v. Jardine Ins. Brokers Intern. Ltd.*,
  856 F. Supp. 554 (N.D. Cal. 1994) .................................................................................9

*Ryze Claim Solutions LLC v. Superior Court of Contra Costa County*,
  245 Cal. Rptr. 3d 575 ....................................................................................................14

*Scott v. Snelling & Snelling, Inc.*,
  732 F. Supp. 1034 (N.D. Cal. 1990) .............................................................................13

*Stryker Sales Corp. v. Zimmer Biomet, Inc.*,
  231 F. Supp. 3d 606 (E.D. Cal. 2017) ...........................................................................13

*Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*,
  240 F.3d 832 (9th Cir. 2001) ........................................................................................17

*USS-Posco Industries v. Case*,
  197 Cal. Rptr. 3d 791 (Cal. Ct. App. 2016) ....................................................................9

*WeRide Corp. v. Kun Huang*,
  2019 WL 1439394 (N.D. Cal. Apr. 1, 2019) .................................................................10

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ............................................................................................................8

**Statutes**

Cal. Bus. & Prof. Code § 16601 .............................................................................................9

Cal. Bus. & Prof. Code § 16602 .............................................................................................9

Cal. Lab. Code § 925(a) .......................................................................................................14

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

Cal. Lab. Code § 925(b)...................................................................................................................14

2

Cal. Lab. Code § 925(f) ...................................................................................................................14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant Career Partners, Inc. ("CPI") is a New York State-based professional recruiting company that maintains offices in and conducts substantial business in California.  In 2009 and 2010 respectively, Ms. Anna Brady and Ms. Janelle Matthews were hired by CPI as recruiters to work in its San Francisco, California office.  Both Ms. Brady and Ms. Matthews lived and worked in California throughout their employment with CPI and continue to reside in California to this date. Ms. Brady and Ms. Matthews resigned from CPI in approximately January 2019.  In March 2019, they launched their own professional recruiting company in California, Gold Coast Search Partners, LLC ("Gold Coast").

In direct contravention of California Business and Professions Code Section 16600 ("Section 16600") and California Labor Code Section 925 ("Section 925"), CPI required Ms. Brady and Ms. Matthews to sign Employment Agreements as a condition to employment that contained unlawful and unenforceable Covenants Not To Compete and Non-Solicitation provisions (together, the "Restrictive Covenant Provisions").  In addition to the *per se* unenforceability of the Restrictive Covenant Provisions, the Covenant Not To Compete expressly states that it is not intended to apply to employees who are primarily employed in CPI's California offices, nor is it to be applied to the extent that it is inconsistent with California law.

On or about April 25, 2019, Defendants improperly, and in violation of Section 925, commenced a lawsuit against Plaintiffs in the Supreme Court of New York to harass Plaintiffs and to hamstring them from successfully launching a lawful business in their chosen profession (the "New York Action").  Based upon factual allegations asserted purely "upon information and belief," the New York Action seeks to enforce the unlawful and unenforceable Restrictive Covenant Provisions that are contained in Plaintiffs' Employment Agreements with CPI.   As part of this improper lawsuit, Defendants have already served approximately 300 pre-answer discovery demands on Plaintiffs seeking documents on nearly every aspect of Gold Coast's business and its clients.  Thus, without asserting any specific factual allegations against Plaintiffs, Defendants are using the New York Action to embark on a fishing expedition, and seek to force Plaintiffs to respond to pre-answer

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   discovery demands about an unenforceable agreement in an improper jurisdiction contrary to

2   applicable law.

3       California case law is clear. Section 16600 prohibits Non-Compete and Non-Solicitation

4   provisions against California employees and codifies California's long-standing public policy of

5   protecting an employee's freedom to pursue their chosen profession.  Furthering this public policy,

6   Section 925 prohibits employers from requiring California employees to agree to litigate in a

7   different forum as a prerequisite to employment or to deprive them of the substantive protection of

8   California law with respect to a controversy arising in California.

9       Defendants are violating both Section 16600 and Section 925.  They are actively seeking to

10  enforce the Restrictive Covenant Provisions against Plaintiffs despite the fact that Plaintiffs are

11  California employees and residents, and despite the fact that the plain language of the Non-Compete

12  prohibits its applicability to California-based CPI employees.  The Restrictive Covenant Provisions

13  are unlawful and unenforceable and without Court intervention, Defendants will continue to harm

14  Plaintiffs by falsely claiming that Plaintiffs engaged in unlawful activities by founding Gold Coast

15  and that they are violating an agreement with CPI.  Defendants' actions to enforce the Restrictive

16  Covenant Provisions is causing substantial and irreparable harm to Ms. Brady, Ms. Matthews, Gold

17  Coast, and the public.  Rather than focusing their efforts on the success of their young business, Ms.

18  Brady and Ms. Matthews are being unlawfully forced to spend time and financial resources to

19  defend against Defendants' frivolous New York Action.  Moreover, without any actual legal footing

20  and despite CPI's own statutory violations, Defendants have attempted to bully Gold Coast's

21  recruiting candidates into believing that *Ms. Brady and Ms. Matthews* are the ones who committed

22  an illegal act by starting their own business in California.

23      These deleterious acts are exactly what Sections 16600 and 925 were designed to guard

24  against.  Plaintiffs require preliminary relief to secure the protections that Sections 16600 and 925

25  were enacted to provide.  As explained in detail below, Plaintiffs respectfully request that this Court

26  issue a preliminary injunction to enjoin Defendants from taking any steps to enforce the unlawful

27  and unenforceable Restrictive Covenant Provisions.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II.   STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided in this motion are whether Plaintiffs are entitled to a preliminary injunction enjoining Defendants from (1) engaging in any conduct to interfere with Plaintiffs' business, including threats of legal action pursuant to the void and unenforceable Restrictive Covenant Provisions; (2) falsely stating or claiming that Plaintiffs are prohibited from conducting their business or that they are violating any agreement with CPI; (3) falsely stating or implying that Plaintiffs are bound by the Restrictive Covenant Provisions; and (4) prosecuting their frivolous claims against Plaintiffs in New York.

## III.   FACTUAL BACKGROUND

### A.   Ms. Brady and Ms. Matthews Reside and Work in California.

CPI is a professional recruiting agency incorporated and headquartered in New York, New York.  Anna Brady Declaration ¶ 2 ("Brady Decl").  CPI specializes in recruiting talent for private and public investment firms.  Brady Decl ¶ 2.  On or about September 2009, CPI hired Ms. Brady as a recruiter in its San Francisco, California office.  Brady Decl ¶ 2.  On or about March 15, 2010, CPI hired Ms. Matthews as a recruiter in its San Francisco, California office.  Janelle Matthews Declaration ¶ 2 ("Matthews Decl.").  Ms. Brady and Ms. Matthews both resided in California at the time they were hired by CPI in 2009 and 2010, respectively, and throughout the course of their years of employment with CPI.  Brady Decl. ¶ 5, Matthews Decl. ¶ 5.  To date, both Ms. Brady and Ms. Matthews remain California residents.  Brady Decl. ¶ 6, Matthews Decl. ¶ 6.  In addition, both Ms. Brady and Ms. Matthews worked primarily from the San Francisco office, and the San Francisco office was at all times their home office. Brady Decl. ¶ 7, Matthews Decl. ¶ 7.

### B.   Defendants' Employment Agreements with Ms. Brady and Ms. Matthews Contain Unlawful and Unenforceable Restrictive Covenant Provisions.

Prior to the commencement of their employment with CPI, Ms. Brady and Ms. Matthews were required to sign Employment Agreements which include the following identical "Covenant(s) Not To Compete":

"THIRD: Covenant Not to Compete

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

Candidate[1] agrees that to the extent the Candidate is employed in the New York office, the Candidate agrees not to compete, directly or indirectly, either as principal, manager, agent, consultant, officer, stockholder, partner, investor, lender or employee or in any other capacity, carry on, be engaged in or have any financial interest in, any business or Person which is in competition with the business of CPI within a 250 mile radius of CPI's principal place of business. In view of the services which Candidate will perform and has performed for CPI, which are special, unique, extraordinary and intellectual in character and will place Candidate in a position of confidence and trust with the Customers and other employees of CPI and will provide her with access to Confidential Information of CPI, Candidate expressly acknowledges that the restrictive covenants set forth in this Agreement are necessary in order to protect and maintain the proprietary interests and other legitimate business interests of CPI. Candidate agrees and hereby acknowledges that (i) such provisions do not impose a greater restraint than is necessary to protect the goodwill or other business interests of CPI, (ii) such provisions contain reasonable limitations as to time and *scope* of activity to be restrained, (iii) such provisions are not harmful to the general public, and (iv) such provisions a.re not unduly burdensome to Candidate, and the consideration of employment is sufficient to compensate Candidate for the restrictions confined in such provisions. In consideration thereof and in light of Candidate's education, skills and abilities, Candidate agrees that she will not assert in any forum that such provisions prevent Candidate from earning a living or otherwise are void or unenforceable or should be held void or unenforceable. ***This provision is not intended to apply to any person primarily employed in the California offices and, to the extent that this provision is inconsistent with California law, it shall not apply.***" (hereinafter the "Non-Compete") (Emphasis added.)

17
18
19
20
21
22

Brady Decl. ¶ 8, Matthews Decl. ¶ 8.  In apparent and undeniable recognition of California's complete ban on Restrictive Covenant Provisions, CPI's Non-Compete specifically states that its applicability is limited "to the extent the Candidate is *employed* in the New York office" (emphasis added).  The Non-Compete also specifically states that "[t]his provision is not intended to apply to any person primarily employed in the California offices and, to the extent that this provision is inconsistent with California law, it shall not apply."

23
24

The Employment Agreements also contained the following identical "Non-Solicitation" provision:

25
26
27

"FOURTH: Non-Solicitation of CPI Customer & Employees
A. CPI Customers – Candidate agrees that he/she shall not, on their own behalf or on behalf of any business or Person other than CPI, directly or indirectly, solicit, call on or contact any Customer, *as* defined under Article FIRST, for any business

28

---

[1] Candidate refers to Ms. Brady and/or Ms. Matthews.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

purpose or otherwise as contemplated by this Agreement during the term of this Agreement without written permission from CPI. Candidate also agrees that he or she will not provide services to any CPI Customer or accept employment with any CPI Customer without the consent of CPI, which consent will not be unreasonably withheld.

B. CPI Employees - Candidate agrees that he/she shall not, on their own behalf or on behalf of any business or Person other than CPI, directly or indirectly, solicit or offer employment to, or hire, any individual who has been employed by CPI at any time during the term of this Agreement without written permission from CPI." (hereinafter the "Non-Solicitation") (together with the Non-Compete "the Restrictive Covenant Provisions")

Brady Decl. ¶ 8, Matthews Decl. ¶ 8. The names and contact information for CPI Customers are publicly available on company websites, and through other third parties such as LinkedIn & companies who, for a fee, supply contact information such as Rocketreach. Brady Decl. ¶ 4, Matthews Decl. ¶ 4.

Neither Ms. Brady nor Ms. Matthews was or ever has been a partner or executive of CPI, and they were not represented by a lawyer when they signed the Employment Agreements. Brady Decl. ¶¶ 3; 10, Matthews Decl. ¶¶ 3; 10.

The Employment Agreements also contain a choice of law provision which states "[t]he validity, interpretation, terms, enforcement, and performance of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to conflict of law principles." Brady Decl. ¶ 9, Matthews Decl. ¶ 9. In 2017, and again in 2018, CPI modified material terms of Ms. Brady's and Ms. Matthews's Employment Agreements, including a change in their bonus compensation and changes to their job duties, including additional leadership responsibilities for significant CPI clients. Brady Decl. ¶ 11, Matthews Decl. ¶ 11. The Restrictive Covenant Provisions and the Choice of Law provision remained unchanged. Brady Decl. ¶ 11, Matthews Decl. ¶ 11.

In or about December 2018, while still employed as a recruiter for CPI in San Francisco, Ms. Brady acquired two new recruitment searches for two large firms, TPG Capital and TPG Sixth Street, on behalf of and for the benefit of CPI (collectively, the "TPG firms"). Brady Decl. ¶ 12. The TPG firms retained CPI with the expectation that Ms. Brady would lead CPI's recruitment

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

search.  Brady Decl. ¶ 12.  The TPG firms never would have retained CPI had Ms. Brady disclosed her potential resignation from CPI to the TPG firms.  Brady Decl. ¶ 12.  Ms. Brady worked tirelessly for the TPG firms as a recruiter for CPI, and CPI entrusted her to do so, until the very end of her employment with CPI.  Brady Decl. ¶ 12.  Ms. Brady and Ms. Matthews were employed by Defendants for nearly ten and nine years respectively, until they voluntarily resigned in January 2019.  Brady Decl. ¶ 13, Matthews Decl. ¶ 12.  Since their resignation, neither Ms. Brady nor Ms. Matthews have independently solicited a firm that retained CPI for its recruitment needs for the purpose of transferring the business to Gold Coast.  Brady Decl. ¶ 14, Matthews Decl. ¶ 13.

**C.**     **Defendants Commence a Frivolous Action Against Ms. Brady and Ms. Matthews in New York, Alleging a Violation of the Unlawful Restrictive Covenant Provisions.**

In March 2019, Ms. Brady and Ms. Matthews co-founded and launched Gold Coast Search Partners ("Gold Coast"), a California Limited Liability Company that specializes in professional recruiting for private equity firms and hedge funds.  Brady Decl. ¶ 15, Matthews Decl. ¶ 14.

Despite the fact that (1) Ms. Brady and Ms. Matthews were never employed in New York, (2) the Restrictive Covenant Provisions are *per se* void under Section 16600, and (3) in ignorance of the plain language in the Employment Agreement confirming that the Non-Compete does not apply to employees primarily employed in CPI's California offices or to the extent the Non-Compete is inconsistent with California law, CPI commenced an action against Ms. Brady and Ms. Matthews in the Supreme Court of New York on April 25, 2019.  Brady Decl. ¶ 16, Matthews Decl. ¶ 15.[2]  The New York Action, containing allegations based solely "upon information and belief," alleges that Ms. Brady and Ms. Matthews entered into the Restrictive Covenant Provisions as a condition of their employment and that Ms. Brady and Ms. Matthews are bound by those provisions.  Brady Decl. ¶ 16, Matthews Decl. ¶ 15.  However, the New York Action complaint admits that both Ms. Brady and Ms. Matthews were employed as "recruiter[s] in the CPI San Francisco office."  Brady Decl. ¶ 16, Matthews Decl. ¶ 15.

---

[2] Defendants served their New York Action on Plaintiffs on or about May 1, 2019.  Brady Decl. ¶ 17, Matthews Decl. ¶ 16.

1    Notwithstanding the Restrictive Covenant Provisions' clear inapplicability to
2        Plaintiffs both because they were employed in California and because the
         Restrictive Covenant Provisions are in direct contravention of well-established
3        California law, CPI further alleges that Ms. Brady and Ms. Matthews have
         violated the Restrictive Covenant Provisions and should be permanently enjoined
4        from, among other things: (i) "providing services to CPI customers"; (ii) "directly
         or indirectly engaging in any business which is in competition with" CPI for
5        "twenty-four months"; and (iii) soliciting – either directly or indirectly – "any
         present, former or potential customers and/or employees" of CPI.  Brady Decl. ¶
6        16.  CPI also seeks to exclude Plaintiffs from contacting or working with "any
7        present, former or potential customers and/or employees" regardless of whether
         CPI is presently – or ever has – conducted business with those individuals.  Brady
8        Decl. ¶ 16.  In addition to its baseless and generic allegations, the New York
         Action complaint fails to allege any facts to support that it has been damaged by
9        Plaintiffs' alleged breaches.  Brady Decl. ¶ 16.

10
11           On May 24, 2019, in connection with the New York Action, Defendants propounded

12   approximately 300 **pre-answer** document requests on Ms. Brady, Ms. Matthews, and Gold Coast.

13   Brady Decl. ¶ 18, Matthews Decl. ¶ 17.  The requests seek extensive documents and invasive

14   information related to any interaction that Plaintiffs have ever had with CPI or CPI's Customers

15   since 2017, and about every aspect of Gold Coast's business and its clients.  Brady Decl. ¶ 19,

16   Matthews Decl. ¶ 18.  The New York Action will force Plaintiffs to defend meritless claims in an

17   improper jurisdiction and to respond to discovery demands about unenforceable provisions within

18   their Employment Agreements in an improper jurisdiction.  Brady Decl. ¶ 16, Matthews Decl. ¶ 15.

19   **D.    Defendants' Efforts to Enforce the Restrictive Covenant Provisions Substantially
            Interferes with Plaintiffs' Ability to Earn a Living.**

20           In addition to the New York Action filed against Plaintiffs, Plaintiffs have also become the

21   victim of Defendants' calculated attempts to harass recruiting candidates in order to disparage

22   Plaintiffs' reputations.  Brady Decl. ¶ 20, Matthews Decl. ¶ 19.  On numerous occasions,

23   Defendants' have slandered Plaintiffs and suggested that *they* are the ones who engaged in illegal

24   acts when they lawfully founded their own business, Gold Coast.  Brady Decl. ¶ 20, Matthews Decl.

25   ¶ 19.

26           On June 3, 2019, Ms. Brady, Ms. Matthews, and Gold Coast filed the instant action in the

27   Northern District of California against Defendants CPI and its Founder and Chief Executive Officer,

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Brian O'Callaghan, seeking declaratory and injunctive relief for Defendants' clear violations under California Business and Professions Code § 16600 and California Labor Code § 925.

## IV.    LEGAL ANALYSIS

### A.    Plaintiffs Meet the Standard for Injunctive Relief.

A plaintiff is entitled to preliminary injunctive relief when it establishes that "[it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 602 F. App'x 669, 671 (9th Cir. 2015) (quotations omitted).

Here, because (1) Plaintiffs are likely to prevail on their claims for declaratory and injunctive relief that the Restrictive Covenant Provisions are unlawful and unenforceable; (2) Plaintiffs already have, and will continue to, suffer irreparable harm if a preliminary injunction does not issue; (3) the balance of the hardships tips sharply in Plaintiffs' favor; and (4) the public interest is served by protecting California employees from being forced to comply with void non-compete and non-solicitation clauses, Plaintiffs respectfully request that their motion for a preliminary injunction be granted.

### B.    Plaintiffs are Likely to Prevail on the Merits Because The Restrictive Covenant Provisions are *Per Se* Unlawful Under California Law.

#### 1.    Defendants Admit that the Non-Compete is Unlawful and Unenforceable Under Section 16600 in the Plain Language of the Employment Agreement.

The Non-Compete expressly states that it is only applicable to employee's who are *primarily employed* in the New York office and "is *not intended to apply to any person primarily employed in the California offices*, and to the extent that [it] is inconsistent with California law, it shall not apply" (emphasis added).  Brady Decl. ¶ 8, Matthews Decl. ¶ 8.  Moreover, in the New York Action complaint, Defendants admit that Ms. Brady and Ms. Matthews were hired as "recruiter[s] in the CPI San Francisco office."  Brady Decl. ¶ 16.  Thus, on its face, the Non-Compete is unenforceable as to Ms. Brady and Ms. Matthews.  Notwithstanding its unenforceability and with complete knowledge

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    of the same, Defendants have initiated a meritless action against Plaintiffs in New York in what can

2    only be described as an attempt to harass and tarnish their professional reputations.

3       **2.    Under California Business & Professions Code Section 16600, Defendants'**
4              **Restrictive Covenant Provisions are Void as a Matter of Law.**

5       It is well-established under California law that "an individual has a right to freely pursue the

6    livelihood of his or her choice."  *Robinson v. Jardine Ins. Brokers Intern. Ltd.*, 856 F. Supp. 554,

7    558 (N.D. Cal. 1994) (granting a preliminary injunction preventing enforcement of non-compete

8    clause).  Under Section 16600, "every contract by which anyone is restrained from engaging in a

9    lawful profession, trade, or business of any kind is to that extent void."  California courts have

10   consistently held that non-compete provisions and other restrictive covenants are unenforceable

11   restraints of trade under Section 16600.[3]  Thus, any attempt by Defendants to enforce the Restrictive

12   Covenant Provisions against Plaintiffs is a *per se* violation of Section 16600.

13      In *Edwards v. Arthur Andersen, LLP*, the California Supreme Court reaffirmed Section

14   16600's broad prohibition against restraints on lawful employment and expressly held that the

15   statute does not permit even a "narrow restraints exception."  81 Cal. Rptr. 3d 282, 291-92 (Cal.

16   2008).  Thus, "courts need not evaluate the reasonableness of a restraint – because all restraints are

17   forbidden."  *USS-Posco Industries v. Case*, 197 Cal. Rptr. 3d 791, 801 (Cal. Ct. App. 2016); *see also*

18   *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1119 (N.D. Cal. 1999) (noting that

19   California courts construe Section 16600 "broadly" and "generally do not enforce covenants not to

20   compete"); *Application Group*, 72 Cal. Rptr. 2d at 85 (same).

21      Because the Restrictive Covenant Provisions expressly attempt to restrain Plaintiffs "from

22   engaging in a lawful profession, trade or business," the Restrictive Covenant Provisions are clearly

23   void and unenforceable.  As such, Plaintiffs are not only highly likely, but certain, to prevail on their

24   claim for declaratory and injunctive relief.

25

26   ---
     [3] Section 16600 is subject to two narrow exceptions, neither of which apply here.  The first
27   exception is for restrictive covenants executed in connection with the sale of the goodwill of a
     business or the sale of corporate shares.  *See* Cal. Bus. & Prof. Code § 16601.  The second exception
28   applies to partners who execute a restrictive covenant in anticipation of the dissolution of a
     partnership.  *Id.* at § 16602.

### 3.     Section 16600 Also Applies to Non-Solicitation Provisions.

California courts have held that non-solicitation agreements are void under Section 16600. *See Edwards,* 81 Cal. Rptr. 3d 282; *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 239 Cal. Rptr. 3d 577 (Cal. Ct. App. 2018); *WeRide Corp. v. Kun Huang*, 2019 WL 1439394 (N.D. Cal. Apr. 1, 2019); *Barker v. Insight Global, LLC*, 2019 WL 176260 (N.D. Cal. Jan 11, 2019); *The Retirement Group v. Galante*, 98 Cal. Rptr. 3d 585 (Cal. Ct. App. 2009); *Dowell v. Biosense Webster, Inc.* 102 Cal. Rptr. 3d 1, 11 (Cal. Ct. App. 2009).

In its seminal case on the illegality of restrictive covenants, the Supreme Court of California held that a non-solicitation provision, which prohibited a former accountant from soliciting to perform professional services on behalf of the employer's clients, was void and unenforceable under Section 16600.  *Edwards*, 81 Cal. Rptr. 3d at 292 ("The . . . clause prohibited Edwards, for a year after termination, from 'soliciting,' defined by the agreement as providing professional services to any client of Andersen's Los Angeles office.") (internal quotations omitted).  This non-solicitation restraint was invalid because it prevented the former employee from practicing his profession.  *Id.*

A California Court of Appeal in *The Retirement Group v. Galante* applied the *Edwards* precedent to allegations that former employees had misappropriated a client list that qualified as a trade secret and wrongfully solicited the employer's clients.  98 Cal. Rptr. 3d 585.  There, the Court not only held that the non-solicitation provision was facially invalid under *Edwards* and Section 16600, but also, that a former employee may only be enjoined if the employer can show that its client list is a protected trade secret and that the former employee *actually used* this trade secret to identify or solicit existing customers.  *Id.* at 595-96; *American Credit Indemnity Co. v. Sacks*, 262 Cal. Rptr. 92, 99 (Cal. Ct. App. 1989) (noting that "in the absence of a protectable trade secret, the right to compete fairly outweighs the employer's right to protect clients against competition from former employees.").  To enjoin this type of tortious conduct, it is not enough for the employer to merely show that the former employee *had access to* customer lists that qualified as trade secrets or that the clauses were tailored to protect confidential information.[4]  *Id.*; *see also Dowell*, 102 Cal.

---

[4] The non-solicitation provision that was rendered void and too broad to serve as a way to protect trade secrets in *Galante* prohibited former employees from "[d]irectly or indirectly soliciting any

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Rptr. 3d at 11 (rejecting the employer's argument that its client list was a trade secret protectable

2   against solicitation when the non-solicitation clause was "not narrowly tailored or carefully limited

3   to the protection of trade secrets, but [was] so broadly worded as to restrain competition.").[5]

4       *Edwards* and *Galante* are directly applicable to the present case.  Under *Edwards*, CPI's

5   Restrictive Covenant Provisions, including the Non-Solicitation provision, are unlawful and

6   unenforceable as a matter of law.  The Employment Agreements that CPI required Ms. Brady and

7   Ms. Matthews to sign contain a broad Non-Solicitation provision that attempts to restrict Plaintiffs

8   (and other CPI employees) from soliciting any CPI Customers, or offering employment to any CPI

9   Employees.  However, the names and contact information of CPI's Customers are also publicly

10  available through third party sources, such as company websites, LinkedIn, and Rocketreach, and are

11  not protectable trade secrets.  Brady Decl. ¶ 4, Matthews Decl. ¶ 4.

12      Defendants cannot show that CPI's client list is a protectable trade secret under California

13  law.  However, even if they could, Ms. Brady and Ms. Matthews have never solicited a firm that

14  retained CPI for its recruitment needs for the purpose of transferring the business to Gold Coast.

15  Brady Decl. ¶ 14, Matthews Decl. ¶ 13.  Any firm that may have worked with CPI in the past and

16  has contacted Ms. Brady or Ms. Matthews since their resignation in January 2019 has done so

17  independently and without any solicitation by Ms. Brady and Ms. Matthews.  Brady Decl. ¶ 14,

18  Matthews Decl. ¶ 13.  Plaintiffs worked tirelessly for Defendants until their resignation.  In fact, Ms.

19  Brady successfully secured new business on behalf of and for the benefit of CPI through two large

20  firms, TPG Capital and TPG Sixth Street, in December 2018, just one month before her resignation.

21  Brady Decl. ¶ 12.  The TPG firms would have never retained CPI had Ms. Brady disclosed her

22  potential resignation from CPI to them.  Brady Decl. ¶ 12.

23      Moreover, the Non-Solicitation provision in CPI's Employment Agreement, is virtually

24  

25  current TRG [customers] to transfer any securities account or relationship from TRG to [the former
    employee]."  *Galante*, 98 Cal. Rptr. 3d at 587.

26  [5] Similar to *Galante* and the Non-Solicitation provision at issue here, the non-solicitation provision
27  in *Dowell* "prevent[ed] the employees for a period of 18 months postemployment from soliciting any
    business from, selling to, or rendering any service directly or indirectly to any of the accounts,
    customers or clients with whom they had contact during their last 12 months of employment."
28  *Dowell*, 102 Cal. Rptr. 3d at 9.

1   identical to the unlawfully overbroad provisions in *Galante* and *Dowell*, and is an outright

2   prohibition on competition, rather than a narrowly-tailored attempt to protect a trade secret.  The CPI

3   Non-Solicitation provision prohibits Ms. Brady and Ms. Matthews from "directly or indirectly,

4   solicit[ing], call[ing] on, or contact[ing] any Customer . . . for any business purpose or otherwise as

5   contemplated under this Agreement during the term of this Agreement without written permission

6   from CPI."

7        In sum, because the Non-Solicitation provision, just as the Non-Compete, is *per se* void

8   under Section 16600, and because CPI's client list is not a protectable trade secret nor can

9   Defendants show that Ms. Brady and Ms. Matthews solicited any firms that retained CPI, Plaintiffs

10  are certain to prevail on their claims for declaratory and injunctive relief.

    **4.**    **California Courts Routinely Refuse to Apply Choice of Law Provisions Under Section 16600.**

11

12       Defendants cannot circumvent California's clear ban on restrictive covenants by relying on

13  the illegal New York choice of law provision in the Employment Agreement because it, too, is not

14  enforceable.  In *Application Group*, a California Court of Appeal set forth the framework for

15  analyzing choice of law provisions in employment contracts.  72 Cal. Rptr. 2d 73 (Cal. Ct. App.

16  1998).  First, this Court must determine whether the chosen jurisdiction has a "substantial

17  relationship" to the parties and transaction in question, and whether there is a "reasonable basis" for

18  the choice of law provision.  *Id.* at 83.  Next, this Court must determine whether the chosen law is

19  contrary to a fundamental California policy.  *Id.*  If such a fundamental difference exists, this Court

20  must apply California law.  *Id.*

21

22       Here, there is neither a substantial relationship to the parties or the transaction in question,

23  nor is there a reasonable basis for New York law to apply.  CPI hired Ms. Brady and Ms. Matthews

24  to work in its San Francisco, California office.  Brady Decl. ¶ 2, Matthews Decl. ¶ 2.  Ms. Brady and

25  Ms. Matthews always lived and worked in California while employed at CPI, and Gold Coast is a

26  California Limited Liability Company.  Brady Decl. ¶¶ 5; 6; 14, Matthews Decl. ¶¶ 5; 6; 14.  As

27  such, Defendants' sole motivation in including a New York choice of law provision in its

28

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION
FOR PRELIMINARY INJUNCTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Employment Agreement and in filing the New York Action is to side-step Sections 16600 and 925

2   clear ban on restrictive covenants.

3          Courts routinely refuse to apply choice of law provisions where doing so would directly

4   contravene California's public policy against the enforcement of restrictive covenants.[6]  In *Philo v.*

5   *Giftango, LLC*, the Southern District of California held that California law applied to the non-

6   competition and non-solicitation provisions contained in an employer's confidentiality agreement,

7   despite the agreement's Oregon choice of law provision.  2013 WL 12097545, at *4 (S.D. Cal. Feb.

8   7, 2013).  The court specifically noted "California has a materially greater interest in ensuring the

9   competitiveness of its businesses and employees and the well-being of its residents" and such

10  interests "would be significantly impaired if it could not enforce § 16600." *Id.*  Material to the

11  court's decision was that the former employee lived and worked in California (not Oregon)

12  throughout her employment.  *Id.*

13         Just as the employee in *Philo*, Ms. Brady and Ms. Matthews lived and worked in San

14  Francisco, California throughout their employment with CPI.  Brady Decl. ¶ 7, Matthews Decl. ¶ 7.

15  Accordingly, despite the New York choice of law provision in Defendants' Employment Agreement,

16  Sections 16600 and 925 under California law apply to the unlawfulness and unenforceability of the

17  Restrictive Covenant Provisions as applied to Ms. Brady and Ms. Matthews.  Because New York's

18

19         [6] *See Stryker Sales Corp. v. Zimmer Biomet, Inc.*, 231 F. Supp. 3d 606, 621 (E.D. Cal. 2017)
20  (concluding that Michigan law is "contrary to a fundamental policy of California, with respect to . . .
    the non-solicitation and non-competition provisions . . . , to the extent such provisions restrain an
21  individual from pursuing employment or businesses of his choosing."); *Arthur J. Gallagher & Co. v.*
    *Lang*, 2014 WL 2195062, at *3 (N.D. Cal. May 23, 2014 ("Applying Illinois law to the parties'
22  contract would contravene California's fundamental public policy against the enforcement of non-
    competition and non-solicitation agreements."); *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp.
23  1034, 1041 (N.D. Cal. 1990) (California's strong public policy against the enforcement of covenants
    not to compete mandated that California law be applied despite a choice of law provision selecting
24  Pennsylvania law); *Application Group*, 72 Cal. Rptr. 2d at 88 (applying Section 16600 despite a
    Maryland choice of law provision); *Frame v. Merrill Lynch, Pierce, Fenner & Smith*, 20 Cal. App.
25  3d 668, 673 (1971) (applying California law to invalidate a forfeiture clause under Section 16600,
    notwithstanding the fact that the contract specified that New York law would govern the
26  agreement); *Davis v. Advanced Care Techs. Inc.,* 2007 WL 2288298, at *9 (E.D. Cal. Aug. 8, 2007)
27  (invalidating a choice of law provision selecting the law of Connecticut and applying California law
    in a case involving a non-compete agreement).

28

1  law on the enforceability of restrictive covenants is in direct conflict with California[7], enforcing the

2  New York choice of law provision would directly undermine Section 16600.

### 5.    Defendants Have Also Violated California Labor Code Section 925.

4          California Labor Code Section 925 provides that "[a]n employer shall not require an

5  employee who primarily resides and works in California, as a condition of employment, to agree to a

6  provision that would do either of the following: (1) [r]equire the employee to adjudicate outside of

7  California a claim arising in California [or] (2) [d]eprive the employee of the substantive protection

8  of California law with respect to a controversy arising in California." Cal. Lab. Code § 925(a).

9  "Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a

10 provision is rendered void at the request of the employee, the matter shall be adjudicated in

11 California and California law shall govern the dispute." *Id.* at § 925(b).  Section 925 applies to all

12 contracts "entered into, modified or extended on or after January 1, 2017." *Id.* at § 925(f).

13         Defendants have violated Section 925 by requiring Ms. Brady and Ms. Matthews, two

14 California-based employees, to sign an Employment Agreement which not only contains Restrictive

15 Covenant Provisions that are unlawful in California, but also an illegal New York choice of law

16 provision.  Section 925 applies here because the Employment Agreements seek to automatically

17 extend the terms, including the Restrictive Covenant Provisions, for two years after Ms. Brady and

18 Ms. Matthews's resignation in January 2019.  Brady Decl. ¶¶ 9; 16, Matthews Decl. ¶ 9; *see Ryze*

19 *Claim Solutions LLC v. Superior Court of Contra Costa County*, 245 Cal. Rptr. 3d 575, 578-79

20 (noting that, although the employee was fired before January 1, 2017, the terms of the Employment

21 Agreement created an automatic extension which would have satisfied Section 925(f)).

22         Furthermore, in 2017 and 2018, Defendants modified Ms. Brady's and Ms. Matthews's

23 bonus compensation packages, which accounted for the large majority of their compensation from

24 CPI.  Brady Decl. ¶ 11, Matthews Decl. ¶ 11; *see Geoffrey Friedman, et al. v. Global Payments Inc.*,

---

[7] *See Mercer Health & Benefits LLC v. DiGregorio*, 307 F. Supp. 3d 326 (S.D.N.Y. 2018)
(enforcing plaintiff's non-solicitation agreements under New York law because they were reasonable
to the extent applicable to the solicitation of current clients); *Barbagallo v. Marcum LLP*, 820 F.
Supp. 2d 429 (E.D.N.Y. 2011) (noting that New York law upholds reasonable restrictive covenants,
including non-competes).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*et al.*, 2019 WL 1718690, at *3 (C.D. Cal. Feb. 5, 2019) (holding that Section 925 applied to an employment agreement that had been modified where the employer had made modifications to the employee's compensation after January 1, 2017); *Karl v. Zimmer Biomet Holdings, Inc.*, 2018 WL 5809428, at *3 (N.D. Cal. Nov. 6, 2018) (holding that Section 925 applied to an employee's employment agreement signed in 2015 but whose compensation was later revised on June 1, 2018). Because the Restrictive Covenant Provisions would deprive Ms. Brady and Ms. Matthews of the substantive protections afforded to California employees, Section 925 prohibits Defendants from attempting to enforce the Restrictive Covenant Provisions against Plaintiffs in the New York Action.

**C.     Unless Defendants Are Enjoined Immediately, Plaintiffs Will Be Irreparably Injured.**

Because the Restrictive Covenant Provisions are unenforceable under Sections 16600 and 925, and Defendants' attempts to enforce them, in an improper jurisdiction, constitutes a clear violation of California law, Plaintiffs have and will continue to suffer irreparable harm unless an injunction issues.  Defendants initiated the New York Action in an attempt to escape Sections 16600 and 925 and, without any concrete allegations, Defendants are using this improper lawsuit in an attempt to fish for information that they hope *may* lead to a claim.[8]  It is against public policy to force two California employees to defend themselves in such a patently meritless lawsuit in a foreign jurisdiction at great expense and cost, particularly when the Restrictive Covenant Provisions specifically state that they are not intended to apply to Plaintiffs.

**1.     In An Attempt To Circumvent Section 16600, Defendants Commenced a Frivolous Lawsuit In an Improper Jurisdiction Against Plaintiffs**

Ignoring the fact that CPI hired Ms. Brady and Ms. Matthews to work as recruiters in its San Francisco, California office and that neither Ms. Brady nor Ms. Matthews were ever based out of the CPI New York office, Defendants are actively trying to enforce the void Restrictive Covenants Provisions against Plaintiffs.  The New York Action alleges, purely "upon information and belief," that Ms. Brady and Ms. Matthews violated the Restrictive Covenant Provisions.  Not surprisingly, the New York Action complaint also does not allege any facts to support that it has been damaged by Plaintiffs' purported actions – because Plaintiffs have not acted unlawfully and Defendants have not

---

[8] As demonstrated throughout this Motion, there is no basis for a claim against Plaintiffs.

suffered any damages.

Although the Non-Compete portion of the Restrictive Covenant Provisions is clear that its applicability is limited "to the extent [Ms. Brady or Ms. Matthews are] *employed in the New York office*" Defendants are actively trying to enforce it.  (emphasis added).  The Non-Compete is also clear that it "is not intended to apply to any person *primarily employed in the California offices* and, to the extent that this provision is inconsistent with California law, it shall not apply." (emphasis added).  Notwithstanding the fact that both Restrictive Covenant Provisions are unlawful and void under Sections 16600 and 925 (as demonstrated above), by the very language of this provision, the Non-Compete is inapplicable to Ms. Brady and Ms. Matthews as California-based employees.  However, despite this plain language, Ms. Brady and Ms. Matthews now must expend substantial amounts of time and financial resources to defend against Defendant's frivolous lawsuit in New York.

Defendants have not only commenced an improper lawsuit, but they are actively using the New York Action to side step California law to harass Plaintiffs, restrict free trade and to enforce facially void agreements.  On May 24, 2019, Defendants served approximately 300 pre-answer discovery demands on Plaintiffs seeking documents on nearly every aspect of Plaintiffs' employment with CPI from 2017 to the date of their resignation and Gold Coast's business and its clients.  Brady Decl. ¶ 18, Matthews Decl. ¶ 17.  Under New York rules, Plaintiffs responses are due on June 20, 2019.  Put simply, Defendants are using the New York Action to embark on a fishing expedition, and to force Plaintiffs to respond to discovery demands about an unenforceable agreement in an improper jurisdiction.

Any decision by a New York court that the Restrictive Covenant Provisions are enforceable would have devastating and irreparable effects on Ms. Brady's and Ms. Matthews's young business, Gold Coast, and the California workforce generally.  Such a decision would likely force Ms. Brady and Ms. Matthews to close Gold Coast and cease working in the professional recruiting industry, their chosen profession.  It would also likely negatively affect the California workforce where these types of restrictive covenant provisions are not enforceable because of the strong public policy in California against the restraint of trade.  Accordingly, unless an injunction issues prohibiting

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Defendants from prosecuting the New York Action, California's public policy interests, Gold Coast's business, and Ms. Brady's and Ms. Matthews's ability to earn a living in their chosen profession are in imminent risk.

In sum, without a legal basis for enforcing the Restrictive Covenant Provisions, Defendants initiated the New York Action in a last-ditch effort to harass, intimidate, and burden Ms. Brady and Ms. Matthews as they start their own California company and stifle the competition of a competing business. The New York Action places Plaintiffs at imminent risk of suffering irreparable harm to their ability to engage in competitive business activities and gainful employment.

### 2. Defendants Have Wrongly Disparaged Plaintiffs by Slandering Ms. Brady and Ms. Matthews to Recruiting Candidates.

In addition to the imminent risk the New York Action is causing, Defendants have slandered Ms. Brady and Ms. Matthews through their illegal efforts to enforce the Restrictive Covenant Provisions. The Ninth Circuit has recognized that "intangible injuries," such as loss of control over business reputation and damage to goodwill can constitute irreparable harm. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) (holding that evidence of loss of customer goodwill supports finding of irreparable harm).

Despite Defendants' clear violations of California statutory law, Defendants have disrupted and harassed Plaintiffs' recruiting candidates on multiple occasions in an attempt to stifle competition and suggest that *Ms. Brady and Ms. Matthews* are the ones who acted illegally by founding Gold Coast. Brady Decl. ¶20, Matthews Decl. ¶ 19. Defendants' actions have already had harmful and long-lasting effects on the goodwill of Plaintiffs' individual and business reputations. Brady Decl. ¶ 21, Matthews Decl. ¶ 20. Plaintiffs have reason to believe that this slanderous activity by Defendants will continue in the absence of a preliminary injunction prohibiting them from this conduct. Brady Decl. ¶ 20, Matthews Decl. ¶ 19. Thus, Defendants' unauthorized actions have already caused, and are likely to further cause, irreparable harm if Defendants are not enjoined.

### D. The Balance of Harm Favors Issuing an Immediate Injunction.

The harm to Plaintiffs of Defendants' continued reliance on the unenforceable Restrictive

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Covenant Provisions is far greater than any injury Defendants may experience as a result of an injunction.  As noted above, Plaintiffs have already been harmed by Defendants' actions by being forced to defend a frivolous lawsuit.  Brady Decl. ¶¶ 18-19, Matthews Decl. ¶¶ 17-18.  Moreover, Defendants have intentionally disparaged Plaintiffs to recruiting candidates in an effort to ruin their reputation and stifle competition.  Brady Decl. ¶¶ 20-21, Matthews Decl. ¶¶ 19-20.  This disparagement has already had a direct and lasting impact on the goodwill of Plaintiffs' business and will continue to negatively impact them unless Defendants are immediately enjoined.  Brady Decl. ¶ 21, Matthews Decl. ¶ 20.

Conversely, there can be no harm to Defendants if a preliminary injunction issues.  On its face, the Restrictive Covenant Provisions do not apply to California residents who were employed by Defendants in San Francisco, California throughout the duration of their employment.  Moreover, the Restrictive Covenant Provisions are a *per se* violation of Sections 16600 and 925, and Defendants should not be entitled to enforce these illegal Provisions.  The lack of harm to Defendants is further evidenced by the fact that the New York Action complaint does not assert more than generic claims against Plaintiffs nor can it show how Defendants have been damaged by Plaintiffs' alleged breaches.  Thus, Defendants have no basis to enforce the Restrictive Covenant Provisions within the Employment Agreements and will not be harmed by the issuance of a preliminary injunction.

**E.      The Issuance of an Injunction is Necessary to Protect the Public Interest.**

It is an axiomatic principle of California law that non-compete and non-solicitation agreements are in direct contravention of this State's public policy to discourage employee restraints against mobility and the exercise of one's chosen profession.  *See Application Group*, 72 Cal. Rptr. 2d at 85 ("[S]ection 16600 reflects a strong public policy of the State of California.") (internal quotation marks omitted); *D'Sa v. Playhut, Inc.,* 102 Cal. Rptr. 2d 495, 499 (Cal. Ct. App. 2000) (noting that covenants not to compete contravene public policy under California law; *Latona v. Aetna U.S. Healthcare, Inc.,* 82 F. Supp. 2d, 1089, 1098 (C.D. Cal. 1999) (referring to covenants not to compete as "presumptively illegal" and finding it unlawful to require a California employee to sign one).  Thus, the public has a strong interest in the issuance of this injunction.

1    This State has a direct interest in protecting its residents and businesses against blatant

2  violations of California statutory law. Not only did Ms. Brady and Ms. Matthews enter into the

3  Employment Agreements in Northern California, but they worked in San Francisco throughout their

4  employment, and they resided – and continue to reside – in Northern California.  Brady Decl. ¶¶ 2;

5  5-6; 8, Matthews Decl. ¶¶ 2; 5-6; 8.  In addition, Gold Coast is a California company, based in San

6  Francisco, California.  Brady Decl. ¶ 15, Matthews Decl. ¶ 14.

7    Enjoining Defendants will ensure that the clear legislative intent of Sections 16600 and 925

8  is upheld and it will send a message to future employers outside of California that, regardless of

9  where they file an action, they cannot attempt to circumvent Sections 16600 or 925.

10   In sum, because the Restrictive Covenant Provisions seek to enforce unlawful restraints

11 against California residents and a California-based company, an injunction against such unlawful

12 restraints is strongly within the public interest of California.  *See Advanced Bionics Corp. v.*

13 *Medtronic, Inc.*, 29 Cal. 4th 697 (2002).

14                                   **V.    CONCLUSION**

15   For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs'

16 application for a preliminary injunction and issue an order to show cause as to why a preliminary

17 injunction should not issue.

18

19 DATED:  June 13, 2019                    REED SMITH LLP

20

21                                    By:   /s/ Anne Cherry Barnett
                                         Anne Cherry Barnett

22                                       Carla M. Wirtschafter
                                         Katherine J. Ellena

23                                       Attorneys for Plaintiffs
                                         GOLD COAST SEARCH PARTNERS;
                                         ANNA BRADY AND JANELLE MATTHEWS

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on June 13, 2019, I electronically filed the foregoing with the Clerk of

3 the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the

4 email addresses on file with the Clerk of Court.

5

6

7                                    By: <u>/s/ *Anne Cherry Barnett*</u>
                                     REED SMITH LLP
8                                    Anne Cherry Barnett
                                     101 Second Street, Suite 1800
9                                    San Francisco, CA 94105-3659
                                     Telephone:     (415) 543-8700
10                                    Facsimile:      (415) 391-8269

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION
FOR PRELIMINARY INJUNCTION